| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

### CIVIL MINUTES -- GENERAL

Case No.     **CV 11-4016-JFW (PJWx)**                                     Date:  December 19, 2011

Title:       Pardeep Kullar -v- Midland Credit Management, Inc.

---

**PRESENT:**

　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None                                                                                None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH SCHEDULING AND CASE MANAGEMENT ORDER AND FOR LACK OF PROSECUTION

　　　On September 6, 2011, the Court issued a Scheduling And Case Management Order in which is ordered the parties to file a Pre-Trial Conference Order; Memo of Contentions of Fact and Law; Exhibit List & Exhibit Stipulation; Witness Lists & Summary of Witness Testimony; Status Report re: Settlement; Agreed Upon Set of Jury Instructions & Verdict Forms; and Joint Statement re: Disputed Instructions ("Pre-Trial Documents") by December 15, 2011.

　　　As of the date of this Order, Plaintiff has failed to file all of the foregoing Pre-Trial Documents.  The Ninth Circuit has explained the importance of complying with a district court's Scheduling and Case Management Order:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.C. Me. 1985)).

  Plaintiff's failure to comply with the Scheduling and Case Management Order has made it impossible for the Court to prepare for the Pre-Trial Conference and the Trial. In the Court's Scheduling and Case Management Order, the Court specifically warned Plaintiff that failure to file the required Pre-Trial Documents would result in the dismissal of this action. Accordingly, this action is hereby **DISMISSED** for lack of prosecution and for failure to comply with the Court's Scheduling and Case Management Order. *See* Federal Rule of Civil Procedure 41(b); *see also Yourish v. California Amplifier*, 191 F.3d 983, 986-988 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

  IT IS SO ORDERED.